1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10  JOEL RODRIGUEZ,                    )   Case No. ED CV 14-1820-PJW
                                       )
11              Plaintiff,             )
                                       )   MEMORANDUM OPINION AND ORDER
12        v.                           )
                                       )
13  CAROLYN W. COLVIN,                 )
    Acting Commissioner of the         )
14  Social Security Administration,    )
                                       )
15              Defendant.             )
    _____)

16

17                          I.   INTRODUCTION

18        Plaintiff appeals a decision by Defendant Social Security

19  Administration ("the Agency"), denying his application for Social

20  Security Insurance ("SSI") and Disability Insurance Benefits ("DIB").

21  He claims that the Administrative Law Judge ("ALJ") erred when she

22  relied on the vocational expert's testimony to conclude that Plaintiff

23  could work and when she rejected the treating doctor's opinion.  For

24  the following reasons, the ALJ's decision is reversed and the case is

25  remanded for further proceedings.

26                       II.   SUMMARY OF PROCEEDINGS

27        In November 2011, Plaintiff applied for SSI and DIB, alleging

28  that he had been disabled since October 2011, due to cirrhosis of the

1   liver, esophageal varices, hernia (groin), degenerative disc disease,

2   anemia, depression, and post-traumatic stress disorder. (Administra-

3   tive Record ("AR") 188-215.) His applications were denied initially

4   and on reconsideration and he requested and was granted a hearing

5   before an ALJ. In April 2013, he appeared with counsel and testified

6   at the hearing. (AR 33-67.) Thereafter, the ALJ issued a decision

7   denying benefits. (AR 9-20.) Plaintiff appealed to the Appeals

8   Council, which denied review. (AR 1-3.) He then filed this action.

9                              III.   ANALYSIS

10  A.   The Vocational Expert's Testimony

11       The ALJ determined that Plaintiff was not capable of performing

12  "fast-paced work such as assembly line work." (AR 13.) Despite this

13  limitation, she concluded that Plaintiff could perform his past work

14  as a user support analyst and as a telemarketer. (AR 19.) Plaintiff

15  argues that the ALJ erred in reaching that conclusion because both

16  jobs could require him to "work quickly and at a fast pace," which

17  would be inconsistent with a limitation on fast-paced work. (Joint

18  Stip. at 3-8.) There is no merit to this argument.

19       A user support analyst is someone who sits in an office and

20  answers telephone calls from computer users who are having trouble

21  operating their computers. *See* Dictionary of Occupational Titles

22  ("DOT"), No. 032.262-010. Nothing about the description of this job

23  in the DOT or in the record suggests that this is fast-paced work,

24  like on an assembly line. The same is true for the telemarketing job,

25  DOT No. 299.357-014. The fact that employers could impose quotas or

26  time limits for these jobs does not transform them into fast-paced,

27  assembly line work. Plaintiff's argument to the contrary--void of any

28  support in the law or the record--is rejected.

B.   <u>The Treating Doctor's Opinion</u>

Plaintiff's treating doctor, Dr. Diep Bui, opined that, as a result of Plaintiff's liver disease and hernia, he would have to lie down every hour and would miss work more than three times per month. (AR 439-41.)  He also believed that these ailments prevented Plaintiff from sitting, standing, or walking for more than two hours and required him to change position every five minutes.  (AR 439.)  Had the ALJ accepted Dr. Bui's findings, she would have had to conclude that Plaintiff could not work.  But she rejected it because she found that it was not supported by the objective medical evidence.  (AR 17.) She highlighted the fact that X-rays of the spine, shoulder, and hip showed mild, unremarkable changes.  (AR 17.)  She pointed out that an examining doctor saw no evidence of "any significant kyphosis, lordosis or noticeable scoliosis" and no pain upon palpation of the muscle running along the spine.  (AR 17.)  And she noted that sitting and standing straight-leg testing was negative for both legs.  (AR 17.)  Plaintiff argues that the ALJ's reasons were not specific and legitimate.  (Joint Stip. at 13.)  For the following reasons, the Court agrees.

All things being equal, ALJs are required to favor treating doctors' opinions over non-treating doctors' opinions. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *see also Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999) (explaining that a treating physician's opinion "is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual'").  But an ALJ may reject the opinion of a treating doctor in favor of a conflicting opinion of an examining doctor for specific and legitimate reasons that are supported by substantial evidence in

3

1   the record.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir.
2   2007) (quoting *Orn*, 495 F.3d at 632).

3        Dr. Bui determined that Plaintiff was severely limited because of
4   his liver disease and hernia.  (AR 439-41.)  The ALJ rejected Dr.
5   Bui's opinion because she found that the X-rays, straight-leg testing
6   results, and absence of pain on palpation of his back were
7   inconsistent with Dr. Bui's opinion.  (AR 17.)  The problem with the
8   ALJ's analysis is that it was not based on the reasons Dr. Bui cited
9   for his opinion.  Dr. Bui did not conclude that Plaintiff's
10  musculoskeletal ailments caused him to be impaired; he concluded that
11  Plaintiff's liver disease and hernia did.  The ALJ never addressed
12  those issues.  Her rejection of Dr. Bui's opinion for reasons not
13  relied on by Dr. Bui was in error.  *See Orn*, 495 F.3d at 635 ("An ALJ
14  may not exclude a physician's testimony for a lack of objective
15  evidence of impairments not referenced by the physician.  Rather, an
16  ALJ must evaluate the physician's assessment using the grounds on
17  which it is based.").  For this reason, the ALJ's finding is reversed
18  and the case is remanded.
19
20
21
22
23
24
25
26
27
28

IV.   CONCLUSION

The Agency's decision denying Plaintiff's applications is hereby reversed and the case is remanded for further consideration.[1]

IT IS SO ORDERED.

DATED: March 25, 2016

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\RODRIGUEZ, J 1820\Memorandum Opinion and Order.wpd

---

[1]   Plaintiff requested (in the alternative) that the case be remanded for an award of benefits.  (Joint Stip. at 19-20.)  The Court finds that such relief is not warranted because it is not clear that Plaintiff is entitled to benefits.

5